| | |
|---|---|
| 1 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
|   | HOWARD C. HAY (SB# 46386) |
| 2 | 695 Town Center Drive |
|   | Seventeenth Floor |
| 3 | Costa Mesa, CA 92626-1924 |
|   | Telephone: (714) 668-6200 |
| 4 | Facsimile: (714) 979-1921 |

Attorneys for Plaintiff
PACIFIC CRANE MAINTENANCE COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CRANE MAINTENANCE COMPANY, INC., a California corporation, | CASE NO. C 05-00988 MMC |
| Plaintiff, | **PLAINTIFF'S REPORT FOR CASE MANAGEMENT CONFERENCE PURSUANT TO COURT'S JULY 8, 2005 ORAL REQUEST**; ORDER THEREON |
| vs. | |
| MACHINIST AUTOMOTIVE TRADES DISTRICT LODGE 190, and DOES 1 through 50, inclusive, | Date: September 23, 2005<br>Time: 10:30 a.m.<br>Dept.: 7<br>Judge: Maxine M. Chesney |
| Defendants. | Telephonic appearances to be initiated by Court per July 8 Conference Order |

Pursuant to this Court's July 8, 2005 oral request, Plaintiff reports the following:

1. Pacific Crane's position in this case is that the Oakland Ordinance in question, if applicable to Pacific Crane, is preempted by all three of the Federal law preemption doctrines. One of those Federal preemption doctrines preempts state laws which intrude on the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). In this case, Defendant has submitted several issues to the NLRB that are related to the issues in this case, which Plaintiff believes confirms that the Ordinance is preempted. However, the NLRB has not yet reached any

---

Case No. C 05-00988 MMC
LEGAL_USW/4731569.1

STATEMENT FOR CMC PURSUANT TO
COURT'S JULY 8, 2005 ORDER

decision regarding the charges filed by Defendant with the NLRB, and is not expected to do so until the end of October 2005 at the earliest.

2.     For that reason, in Defendant's State Court lawsuit – filed *after* Pacific Crane filed this Complaint with this Court – the State Court recently continued its Case Management Conference to December 20, 2005.

3.     Because some of the issues presently before the NLRB are related to those presently before this Court, Pacific Crane suggests that the Case Management Conference in this matter be continued until November 18, 2005 at the earliest, which continuance includes a short period of November 8-16 when Plaintiff's counsel will be out of the country. At least by early December 2005, the parties and the Court should learn what action the NLRB intends to take regarding the matters before it, which obviates the need for any action by the Federal Court prior to that time.

DATED: September 19, 2005

PAUL, HASTINGS, JANOFSKY & WALKER LLP
HOWARD C. HAY

By: /s/ Howard C. Hay
HOWARD C. HAY

Attorneys for Plaintiff
PACIFIC CRANE MAINTENANCE COMPANY, INC.

ORDER

Good cause appearing, plaintiff's request to continue is hereby GRANTED, and the case management conference is continued to December 16, 2005, at 10:30 a.m. The parties shall file a joint case management statement no later than December 9, 2005.

Dated: September 20, 2005

/s/ Maxine M. Chesney
UNITED STATES DISTRICT JUDGE